

# IN THE
# TENTH COURT OF APPEALS

## No. 10-16-00351-CV

## IN THE INTEREST OF C.A. AND C.A., CHILDREN

**From the County Court at Law No. 1
Brazos County, Texas
Trial Court No. 14-002766-CV-CCL1**

# ORDER

On October 26, 2016, Appellant M.B. filed her notice of appeal from the trial court's August 8, 2016 "Order in Suit to Modify Parent-Child Relationship and Order on Motion for Enforcement of Order for Support of a Child."  Thereafter, the trial court signed an "Order Regarding Net Worth, Indigency and Ability to Pay, and Sanctions."  The order set the amount of the supersedeas bond.  Because the trial court determined that the amount of the bond would not protect the entire amount of the compensatory damages, it further ordered that, among other things, there be no withdrawals from M.B.'s retirement and pension accounts without permission from the trial court.  The trial court also signed a temporary injunction enjoining M.B. from dissipating or transferring funds

from her Chase Bank IRA to avoid satisfaction of the judgment, other than use, transfer, conveyance, or dissipation in the normal course of her business.

On April 20, 2017, M.B. filed in the trial court a "Motion for Relief," requesting in part that the temporary injunction be dissolved and that she be allowed usage of the Chase Bank IRA "to protect her basic human right to an adequate standard of living and to prevent her from substantial economic harm." M.B. requested that the motion be set for a hearing. Appellee D.A. filed an objection to the setting request, arguing that the trial court had no jurisdiction to hear M.B.'s motion. The trial court thereafter refused to hold a hearing on the motion.

M.B. has now filed in this Court an "Emergency Motion for Relief." M.B. requests that we review the trial court's orders and, based on her changed circumstances, dissolve the temporary injunction enjoining her from dissipating or transferring funds from her Chase Bank IRA to avoid satisfaction of the judgment and "allow usage of her [Chase Bank] IRA for basic living expenses without further interference of the Court." We have received no response from Appellee.

Under Rule of Appellate Procedure 24.1, a judgment debtor may supersede a judgment, *i.e.*, suspend enforcement of a judgment, by (1) filing with the trial court clerk a written agreement with the judgment creditor for suspending enforcement of the judgment; (2) filing with the trial court clerk a good and sufficient bond; (3) making a deposit with the trial court clerk in lieu of a bond; or (4) providing alternate security ordered by the trial court. TEX. R. APP. P. 24.1(a), (f). The trial court may make any order necessary to adequately protect the judgment creditor against loss or damage that the

appeal might cause. TEX. R. APP. P. 24.1(e). When the judgment is for money, the amount of the bond, deposit, or security must equal the sum of the compensatory damages awarded in the judgment, interest for the estimated duration of the appeal, and costs awarded in the judgment. TEX. R. APP. P. 24.2(a)(1); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 52.006(a) (West 2015). However, the amount must not exceed the lesser of fifty percent of the judgment debtor's current net worth or twenty-five million dollars. TEX. R. APP. P. 24.2(a)(1); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 52.006(b). After notice to all parties and a hearing, the trial court must also lower the amount of the bond, deposit, or security to an amount that will not cause the judgment debtor substantial economic harm. TEX. R. APP. P. 24.2(b). The trial court may enjoin the judgment debtor from dissipating or transferring assets to avoid satisfaction of the judgment, but the trial court may not make any order that interferes with the judgment debtor's use, transfer, conveyance, or dissipation of assets in the normal course of business. TEX. R. APP. P. 24.2(d); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 52.006(e).

After the trial court's plenary power expires, the trial court has continuing jurisdiction to: (1) order the amount and type of security and decide the sufficiency of sureties, and (2) if circumstances change, modify the amount or type of security required to continue the suspension of a judgment's execution. TEX. R. APP. P. 24.3(a). On the motion of a party, an appellate court may also review the trial court's ruling regarding: (1) the sufficiency or excessiveness of the amount of security, (2) the sureties on any bond, (3) the type of security, (4) the determination whether to permit suspension of enforcement, and (5) the trial court's exercise of discretion under Rule 24.3(a). TEX. R.

APP. P. 24.4(a). The appellate court may issue any temporary orders necessary to preserve the parties' rights. TEX. R. APP. P. 24.4(c). The appellate court may require that the amount of a bond, deposit, or other security be increased or decreased, and that another bond, deposit, or security be provided and approved by the trial court clerk. TEX. R. APP. P. 24.4(d). The appellate court may also require other changes in the trial court order. *Id.* The appellate court may also remand to the trial court for entry of findings of fact or for the taking of evidence. *Id.*

Because the trial court did not conduct a hearing on M.B.'s motion, we remand to the trial court for an evidentiary hearing regarding whether M.B.'s circumstances have changed, whether the temporary injunction enjoining M.B. from dissipating or transferring funds from her Chase Bank IRA to avoid satisfaction of the judgment should be dissolved, and whether M.B. should be "allow[ed] usage of her [Chase Bank] IRA for basic living expenses without further interference of the Court." The trial court shall prepare findings of fact and conclusions of law. If necessary, the trial court may also modify the amount or type of security required to continue the suspension of the judgment's execution.

The trial court shall conduct the hearing, prepare findings of fact and conclusions of law, and, if necessary, modify the amount or type of security required to continue the suspension of a judgment's execution, within 14 days after the date of this order. The trial court clerk and court reporter shall file supplemental records within 28 days of the date of this order.

PER CURIAM

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Order issued and filed June 7, 2017
Do not publish

